UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
ANTONIOS DEMOSTHENOUS,

              Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:19-cv-3633-FB

*Appearances*:
*For the Plaintiff*:
DANIEL ADAM OSBORN
Osborn Law, P.C.
43 West 43rd St., Ste. 131
New York, NY 10036

*For the Defendant*:
MARK J. LESKO
Acting United States Attorney
Eastern District of New York
By: MATTHEW MAILLOUX
Assistant United States Attorney
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Antonios Demosthenous seeks review of the Commissioner of Social Security's decision to deny his application for disability benefits. Both parties move for judgment on the pleadings.[1] For the following reasons, Demosthenous's

---

[1] Demosthenous moves for relief under 42 U.S.C. 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1

motion is granted, the Commissioner's denied, and this case remanded for further proceedings.

## I.

Demosthenous applied for disability benefits on February 22, 2016, claiming a disability onset date of May 17, 2015. The Commissioner denied his application on May 2, 2016, and Demosthenous requested a hearing. More than two years later, Administrative Law Judge Patrick Kilgannon ("the ALJ") held a hearing on Demosthenous's claim.

After the hearing, the ALJ determined that Demosthenous suffered from several "severe impairments," including "bilateral femur fractures, [complications related to] post-operative open reduction internal fixation surgery, leg pain, bilateral hip calcific tendinitis and depressive disorder." A.R. 15. Despite these impairments, the ALJ determined that Demosthenous retained the ability "to perform medium work. . . except that [he] can lift up to 50 pounds occasionally and lift or carry up to 25 pounds frequently." A.R. 16. He further concluded that Desmosthenous "can frequently climb ladders, ropes, scaffolds, ramps and stairs, and can frequently balance, stoop, kneel, crouch and crawl." *Id.* Demosthenous was, however, "limited to unskilled tasks. . . in a low stress job, defined as having only occasional decision-making required and only occasional changes in the work setting, with only occasional interaction with the public and coworkers." *Id.*

Based on this assessment, the ALJ concluded that Demosthenous could perform his past relevant work as a housekeeper and found him nondisabled. The Social Security Appeals Council declined to hear Demosthenous's appeal, and the ALJ's decision became final.

**II.**

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

**III.**

Demosthenous argues that he is entitled to remand because the ALJ failed to defer to the opinions of Dr. Peter Langan (a treating orthopedist) and Dr. Jacob Sperber (a treating psychiatrist). The treating physician rule states that the opinion of a treating physician should be "given more weight than other reports and . . . will be controlling if it is 'well-supported by medically acceptable [evidence] and is not inconsistent with the other substantial evidence in [the] record.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (quoting 20 C.F.R. § 404.1527(c)(2)).

When deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90, 95-6 (2d Cir. 2019).

Under *Estrella*, the ALJ first determines whether a treating physician's opinion is sufficiently "well supported" to be entitled to controlling weight. *See id.* at 95 (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). Then, if no opinion is entitled to such weight, the ALJ "explicitly [considers] four nonexclusive factors: (1) the frequen[cy], length, nature and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the [treating] physician is a specialist." *Id.* at 95-6 (internal quotations and citations omitted). Failure to "explicitly consider" these factors is procedural error. *Id.* at 96 (citing *Selian*, 708 F.3d at 419-20).

## IV.

Here, the ALJ made an implicit choice not to afford any physician's opinion controlling weight. *See* A.R. 16-21 (weighing physician testimony). Because there is conflicting medical evidence, this choice was reasonable and supported by substantial evidence. *Compare* A.R. 823-31 (noting, in treating physician Douglas Schecter's records, that Demosthenous's physical exam was "normal" and his only complaint was "pain") *with* A.R. 833-38 (noting Langan's opinion that orthopedic

4

conditions interfered with movement); *and* A.R. 821 (noting Sperber's opinion that Demosthenous's psychiatric conditions "marked[ly]" limit his ability to "interact appropriately") *with* A.R. 623 (noting consultative psychiatrist Kathleen Acer's opinion that Demosthenous's demeanor is "cooperative" and his presentation "adequate"). *See also Smith v. Comm'r of Soc. Sec.*, No. 1:19-CV-2861(FB), 2020 WL 6136205, at *2 (E.D.N.Y. Oct. 19, 2020) (where evidence conflicts, "the ALJ. . . [is] within his rights to weigh the opinions of various physicians against each other").

Nonetheless, the ALJ failed to properly weigh Langan and Sperber's opinions. *See Estrella*, 925 F.3d at 95-6. Although the ALJ provides some explanation for his choice not to defer entirely to the doctors, his analysis does not "explicitly apply the *Burgess* factors." *Id.* at 96. Notably, his analysis of Langan's opinion includes no discussion of the "frequency, length, nature and extent of treatment" and makes no mention of Langan's relevant specialty in orthopedic surgery. *See* A.R. 20. *Cf. Estrella*, 925 F.3d at 95-6. His analysis of Sperber's opinion is more compliant with *Estrella*, but it too elides the treating doctor's relevant specialty in psychiatry. *See* A.R. 19 (describing Sperber as a "physician").

The ALJ compounded these errors by failing to adequately explain his decision to give "significant weight" to a section of Langan's opinion which suggests that Demosthenous can "perform medium work," but little weight "to the

5

portion of the [same] opinion which notes manipulative limitations." A.R. 20. Ordinarily, an ALJ addressing a treating physician's opinion "must account for *all* of [the physician's] opinions," and any decision to discount part of an opinion should analyze the *Burgess* factors as applied to that section. *Salisbury v. Colvin*, No. 13-CV-2805(VEC)(MHD), 2015 WL 5458816, at *36 (S.D.N.Y. Sept. 1, 2015).

In light of the foregoing, the ALJ's analyses of both opinions is tainted with "procedural error."[2] *Estrella*, 925 F.3d at 96 (citing *Selian*, 708 F.3d at 419-20). Moreover, the ALJ's errors were not harmless since full acceptance of Langan's opinion would result in a finding that Demosthenous cannot "kneel, crouch or crawl" and is therefore incapable of "medium work." A.R. 836 (noting that Demosthenous can "never. . . climb ladders or scaffolds. . . kneel. . . crouch. . . or . . . crawl"). *See also* SSR 83-10, TITLES II AND XVI: DETERMINING CAPABILITY TO DO OTHER WORK—THE MEDICAL VOCATIONAL RULES OF APPENDIX 2, https://www.ssa.gov/OP_Home/rulings/di/02/SSR83-

---

[2] The Commissioner's arguments do not alter this ruling. In his brief, the Commissioner cites two cases in support of the proposition that the ALJ need not "specifically address each piece of evidence" or "resolve every conflict" in his decision. ECF No. 17 at 17 (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). *See also Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). But neither of these cases—both of which were decided in the early 1980s—relieve the ALJ of his obligation to "explicitly apply" the *Burgess* factors. *Cf. Estrella*, 925 F.3d at 95-6

10-di-02.html (last accessed May 25, 2021) (noting, in guidance document intended to "clarify. . . the [Commissioner's] medical vocational rules," that "medium work usually requires frequent bending-stooping. . . .[and] crouching").

## V.

The ALJ also erred by failing to consider the impact of Demosthenous's subjective pain. Complaints of pain are an "essential diagnostic tool," and the ALJ's failure to consider its impact on Demosthenous's ability to work was error. *See, e.g.*, *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) ("a patient's report of [subjective] complaints. . . is an essential diagnostic tool") (citing *Flanery v. Chater*, 112 F.3d 346, 350 (8th Cir. 1997)); *see also Donato v. Sec. of the Dept. of Health and Human Services*, 721 F.2d 414, 419 (2d Cir. 1983) ("Subjective pain may serve as the basis for establishing disability, even if. . . unaccompanied by positive clinical findings or other objective evidence") (internal quotations and citations omitted); *Gorman v. Comm'r Soc. Sec.*, No. 2:18-CV-100(FB), 2020 WL 6047345, at *3 (E.D.N.Y. Oct. 13, 2020) ("[To] the extent that [a physician] report failed to consider [the claimant's] complaints of pain. . . it was based on an incomplete medical record"). On remand, the ALJ should consider whether pain limited Demosthenous's ability to work.

## CONCLUSION

Demosthenous's motion is **GRANTED**, and the Commissioner's motion is **DENIED**.

Because it is possible that the ALJ would have found Demosthenous disabled had he properly considered Langan and Sperber's opinions, remand is appropriate. *Cf. Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (holding that remand was not required where there was "no reasonable likelihood that [the ALJ's] consideration of [a] doctor's report would have changed the ALJ's determination that [the] Petitioner was not disabled"). Accordingly, the case is **REMANDED** for further administrative proceedings consistent with this Order.

    **SO ORDERED.**

 /S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
May 27, 2021